## MILEKA WHITFORD *v.* LUCY KAHANANUI, ALSO KNOWN AS LUCY LANI.

### No. 1152.

EXCEPTIONS FROM CIRCUIT COURT, SECOND CIRCUIT.
HON. L. L. BURR, JUDGE.

ARGUED FEBRUARY 18, 1919.          DECIDED FEBRUARY 25, 1919.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE DEBOLT
IN PLACE OF KEMP, J., ABSENT.

DECISION—*deed not in evidence, not considered.*

Where the court, trial by jury being waived, in considering evidence adduced refers to certain discrepancies between
the description of land contained in a deed (not in evidence)
and in the complaint, but it appearing that the reference to
the discrepancies was a mere cursory remark and that the

court in arriving at its decision did not take the deed into consideration, such reference to the discrepancies mentioned is not prejudicial error.

EVIDENCE—*supports findings and decision.*

There was evidence in this case to sustain the findings and decision of the trial court.

OPINION OF THE COURT BY EDINGS, J.

This is an action to quiet title instituted by Mileka Whitford, the plaintiff-appellant, against Lucy Kaha-nanui, the defendant-appellee, the plaintiff-appellant claiming an undivided half interest in a certain piece of land situate at Waiehu, Maui, and described as apana 1, Royal Patent 6165 to Kamahiai. Upon the trial of the case before a jury it was conceded by defendant-appellee that the parties to the action were cotenants, being cousins, and are the only heirs of their respective fathers, who were brothers and who were the sole heirs of the patentee Kamahiai.

The testimony of the plaintiff is in substance that Anapu and Kahananui were the original owners of the land, inheriting it from their father, Kamahiai, the patentee; that she inherited a half interest in the property as the sole heir of Anapu and that Lucy inherited a half interest as the sole heir of Kahananui; that the land is taro and agricultural land; that the defendant is now in possession of the land. The land is leased to Chinese and Japanese by Lucy. "My father was away in Honolulu for forty-five years." "He (my father) never lived on the land during my life." Lucy's mother had charge of the land and held it up to the time of her death in 1875. She (Lucy) got all of the money from the lease of the land. "I never asked her for or received any of the money from the land. When my father died I found out from the records in Honolulu

that I had an interest in the land." The defendant testifies that she is in possession of the land. "My father bought the land." (A deed purporting to convey the land was offered for identification and marked "Defendant's Exhibit A.") "At the time of the death of my mother she had possession of the land and cultivated it. Upon a portion of the land my mother put my sister to live with her foster parents and when she became of age she leased that portion of the land to Japanese. After she died I got hold of everything in my own hands. My mother died about 23 years ago. I rented the land and collected the rent." The plaintiff-appellant has never demanded any of the rent. Last year was the first time she claimed the land. The deed marked "Defendant's Exhibit 'A' for identification" was here offered in evidence and objected to by plaintiff-appellant's counsel upon the ground that "it is incompetent, irrelevant and immaterial * * * this deed now being offered by the defendant purports to be a deed from Kamahiai to Kahananui conveying certain piece of land described in Land Commission Award 2409. The land now in question before this court is described in Land Commission Award 2419. It also mentions Royal Patent 6065. The land that is named in the Royal Patent before this court is named 6165. We will go one step further. If these figures are wrong, and there has been some mistake, this deed is bound by the metes and bounds and this metes and bounds in this deed does not conform to the metes and bounds in this complaint." At this stage of the trial the court and counsel for both litigants arrived at the conclusion, as expressed by the court, that "This case brings itself down to two points of law: whether this deed really conveys the property and is a valid deed; and if it is not, the next question of law is whether this plaintiff is barred by (the) statute of limitations."

"And there being no question of fact for the jury then there can be nothing for them to pass on." Whereupon with the consent of counsel for each of said litigants the jury was discharged, and it was agreed that the "two points of law be passed upon by the court," counsel to submit briefs thereupon. Thereafter the court rendered its decision, omitting to state therein or elsewhere whether or not said deed was admitted in evidence or rejected and the record transmitted to this court fails to shed any light upon the subject. In its decision the court in a perfunctory manner refers to the discrepancies between the figures in the deed and those in the complaint and adds: "In view of the fact that the case will be decided on other grounds it is not necessary to decide or further discuss whether the scribner in six instances made 1 like 0, or 0 like 1, or whether they were just plain errors," and after reviewing the testimony proceeds to decide the case in favor of the defendant—that the evidence establishes the fact that the defendant has acquired title to the property by adverse possession for the statutory period. To this decision the plaintiff duly excepted upon the following grounds: First. "The court having heard all of the evidence and argument in the above entitled cause, rendered a decision in favor of the defendant and against the plaintiff on the 22nd day of August, 1918, to which decision and judgment plaintiff has filed a written exception on the ground that the court erred in its decision making certain findings of fact and conclusions based on matters and things not in the evidence in this case, concerning a deed from Kamahiai to Kahananui, and that said decision is contrary to law, the evidence and the weight of the evidence." Second. To the court's overruling plaintiff's motion for

a new trial based upon identically the same grounds and couched in the same language.

The principal grievance alleged in the exception is the reference by the court to certain discrepancies between the description of the land contained in the deed and in the complaint. The comments of the court appear to be mere cursory remarks which could have been based upon the argument of counsel for the plaintiff or in his brief filed in the circuit court (a part of the record) where the subject is fully set forth and critically reviewed without any consideration of the contents of the deed. Furthermore, the language of the court clearly indicates that in arriving at a decision the deed was entirely ignored or repudiated which certainly was not prejudicial error to the plaintiff.

The assertion that the decision was "contrary to the law, the evidence and the weight of evidence" we do not consider sustained. This court has frequently held that a decision of a circuit court, jury waived, is equivalent to a verdict of a jury and will not be disturbed if supported by evidence, a rule which we have not been shown any reason for repudiating.

The exceptions are found without merit sufficient to warrant a reversal of the decision of the trial court and are overruled.

*Enos Vincent* for plaintiff.

*E. R. Bevins* and *Wendell F. Crockett* (*Crockett & Crockett* and *E. R. Bevins* on the brief) for defendant.